UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:<br>TONY FREDERICK WASHINGTON | CASE NO. 24-2797<br><br>BANKRUPTCY APPEAL<br><br>SECTION L (5) |

**ORDER & REASONS**

Before the Court is an appeal from an order of the United States Bankruptcy Court for the Eastern District of Louisiana, entered December 2, 2024, timely filed by *pro se* Appellant Tony Frederick Washington. R. Doc. 1; R. Doc. 4. Appellees Nationstar Mortgage, LLC ("Nationstar") and U.S. Bank Trust National Association ("U.S. Bank") oppose the appeal. R. Doc. 13; R. Doc. 15. Washington replied. R. Doc. 16; R. Doc. 19. After a review of the record, briefing, and applicable law, the Court now rules as follows.

I.   **BACKGROUND**

This case arises out of state court foreclosure proceedings that resulted in the alleged improper sale of Appellant Tony Frederick Washington's residence. R. Doc. 15. On August 13, 2007, Mr. Washington executed a promissory note and mortgage in favor of Flagstar Bank, FSB in the principal amount of $162,000.00 in exchange for property located at 3012 Grand Route St. John Street in New Orleans, Louisiana (the "Property"). *Id.* at 5. At some point thereafter, the rights to collect on the mortgage were transferred to Appellee U.S. Bank. *Id.* Mr. Washington subsequently defaulted on his mortgage payments, and U.S. Bank's predecessor in interest, Appellee Nationstar, filed a petition of foreclosure by executory process against him in the Civil District Court for the Parish of Orleans on September 4, 2015. *Id.*

1

On September 16, 2015, the state court judge found in favor of Nationstar and ordered that the "Sherriff of Orleans Parish [] seize and sell the property affected by the mortgage with appraisal to satisfy the amount as prayed for and according to law." R. Doc. 14-1 at 5. However, Mr. Washington began filing multiple bankruptcy proceedings oftentimes one day prior to the scheduled sheriff's sale of the Property, thereby invoking the automatic bankruptcy stay pursuant to 11 U.S.C. § 362 and in effect halting the foreclosure sale before it could happen. R. Doc. 15 at 5-6. The prior bankruptcy proceedings that Mr. Washington has filed are as follows:

| Case No. | DATE FILED | SHERIFF'S SALE DATE | DATE DEBTOR DISMISSED | DATE CASE CLOSED |
|---|---|---|---|---|
| 15-12280 | 09/04/2015 | | 02/06/2017 | 07/22/2017 |
| 17-10717 | 03/27/2017 | | 03/18/2018 | 02/11/2018 |
| 19-11990 | 07/24/2019 | 07/25/2019 | 12/02/2020 | 03/04/2021 |
| 21-10684 | 05/19/2021 | 05/20/2021 | 07/19/2021 | 09/30/2021 |
| 22-10008 | 01/05/2022 | 01/06/2022 | 02/10/2022 | 04/12/2022 |
| 22-10541 | 05/19/2022 | 05/19/2022 | 08/02/2022 | |

*Id.* at 6. Relevant to the present appeal, Mr. Washington's bankruptcy proceeding in Case No. 22-10541 was filed on May 19, 2022—the same day the last scheduled sheriff's sale of the Property was set to take place. *Id.* Nevertheless, the foreclosure sale proceeded this time as scheduled, and the Property was sold to a third-party bidder, Appellee Anthony Ciaccio. *Id.* After the filing on May 19, 2022, Mr. Washington took no further steps in the bankruptcy, and the case was dismissed with prejudice. *Id.* In September of 2022, the Louisiana Sherriff's Office evicted Mr. Washington from the Property and removed all his personal belongings. R. Doc. 14-10 at 5.

2

On December 6, 2023, Mr. Washington filed a complaint against Nationstar, U.S. Bank, and Ciaccio, alleging they all three violated a bankruptcy stay by having the Property sold at the May 19, 2022 foreclosure sale in violation of Section 372(k). R. Doc. 15 at 6-7. He sought "more than $6 million in damages" for this purported breach. *Id.* at 6. In response, U.S. Bank filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which was scheduled for a hearing on November 20, 2024. *Id.* at 7. At the hearing, the Bankruptcy Court read its ruling onto the record and dismissed the case. R. Doc. 14-10. The court began its analysis by observing that Mr. Washington had two previous bankruptcy proceedings pending before it within the calendar year prior to filing the instant case. *Id.* at 8-9. The court noted that under such circumstances, 11 U.S.C. § 362(c)(4)(A)(i) provides that the stay under Section 372(a) stay does not automatically go into effect upon the filing of the third case. *Id.* at 9. Rather, this stay may only take effect if a party in interest: (1) files a motion to reinstate the stay within 30 days of filing the latter case and (2) demonstrates that the latter case was filed in good faith as to the creditors that were stayed. *Id* at 8. In light of the fact Mr. Washington nor any other party in interest moved for such relief, the Bankruptcy Court thus concluded the alleged stay never went into effect, and the Appellees were not precluded from moving forward with the foreclosure sale. *Id.* at 9-10. The court entered a final order of dismissal on December 2, 2024. R. Doc. 1-1.

II.     APPEAL

On appeal, Mr. Washington challenges the Bankruptcy Court's December 2, 2024 order, arguing that an automatic stay was still in effect at the time of the May 19, 2022 foreclosure sale. R. Doc. 4. He also asserts that the Appellees have improperly characterized him as a "serial filer" and that each of his six bankruptcy filings were made in good faith. *Id.* Appellees Nationstar and U.S. Bank jointly oppose the appeal. R. Doc. 13; R. Doc. 15. They argue the Bankruptcy Court

3

properly applied 11 U.S.C. § 362(c)(4)(A)(i) in holding an automatic stay did not go into effect due to Mr. Washington's prior filings. *Id.* In reply, Mr. Washington argues that the plain language of 11 U.S.C. § 362(c)(4)(A)(i) does not authorize creditors to self-execute foreclosure sales based on their assumption that no stay applies. R. Doc. 16; R. Doc. 19. Instead, he claims the statute explicitly requires a motion by a party in interest and a court order confirming that no stay is in effect. *Id.*

### III. STANDARD OF REVIEW

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges." 28 U.S.C. § 158(a)(1). This includes appeals from final judgments issued in bankruptcy adversary proceedings. *In re Boca Arena, Inc.*, 184 F.3d 1285, 1286 (11th Cir. 1999) ("In bankruptcy, adversary proceedings generally are viewed as 'stand-alone lawsuits,' and final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy."), *quoted with approval in In re Dorsey*, 870 F.3d 359, 362-63 (5th Cir. 2017).

"The standard of review for a bankruptcy appeal is the same standard used by an appellate court reviewing a district court proceeding." *In re Wallace, Rush, Schmidt, Inc.*, No. CV 23-00196, 2023 WL 6382610, at *2 (E.D. La. Sept. 29, 2023) (quoting *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir. 1989)). For conclusions of law, the bankruptcy court's decisions are reviewed de novo, *In re McClendon*, 765 F.3d 501, 504 (5th Cir. 2014) (quoting *In re TransTexas Gas Corp.*, 597 F.3d 298, 304 (5th Cir. 2010)), while findings of fact are reviewed for clear error. *Wells Fargo Bank, N.A. v. Jones*, 391 B.R. 577, 586 (E.D. La. 2008). Mixed questions of law and fact are reviewed de novo. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). The United States

Supreme Court has explained that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### IV.   LAW & ANALYSIS

Preliminarily, the Court observes that Mr. Washington has appealed a 12(b)(6) dismissal of his case, which requires de novo review. *Cody v. Allstate Fire & Cas. Ins. Co.*, 19 F.4th 712, 714 (5th Cir. 2021) (per curiam). At this stage in proceedings, a court must "accept all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Mayfield v. Currie*, 976 F.3d 482, 485 (5th Cir. 2020) (quoting *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019)). Dismissal is appropriate if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). With this standard in mind, the Court proceeds accordingly.

### A. The Court Agrees with the Bankruptcy Court that Mr. Washington's Case Should be Dismissed.

The crux of Mr. Washington's case is that his May 19, 2022 bankruptcy filing invoked the automatic stay under Section 362(a) of the Bankruptcy Code, and the Appellees defied that stay in violation of Section 362(k) by moving forward with the foreclosure sale of the Property. The automatic stay provision under Section 362 is a key component of federal bankruptcy law that is designed to prevent the dissipation or diminution of the debtor's assets while rehabilitative efforts are undertaken. *In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1146 (5th Cir. 1987). Generally, the stay goes into effect as soon as the debtor files a bankruptcy petition and bars any attempt to collect

a debt or gain control of an interest in property of the estate. 11 U.S.C. § 362(a)(1). "The Bankruptcy Code subjects parties that willfully violate the automatic stay to potentially severe penalties." *Matter of Roman Cath. Church of Archdiocese of New Orleans*, No. 23-30565, 2024 WL 3440466, at *3 (5th Cir. July 17, 2024). Indeed, 11 U.S.C. § 362(k)(1) provides that:

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

*See also Pettitt v. Baker*, 876 F.2d 456, 457 (5th Cir. 1989).

However, the Bankruptcy Code has instituted restrictions on the automatic stay for debtors who have filed multiple bankruptcy cases. As relevant here, pursuant to Section 362(c)(4)(A)(i), if a debtor had two or more bankruptcy cases pending within the year before the filing of a debtor's current petition that were ultimately dismissed other than under Section 707(b), the automatic stay "*shall not* go into effect upon the filing of the later case." (emphasis added). Here, the record before the Court clearly establishes that Mr. Washington had two bankruptcy cases pending within the previous year to his latest filing, neither of which were dismissed under Section 707(b).[1] Case number 21-10684 was dismissed on July, 19, 2021, and case number 22-10008 was dismissed on February 10, 2022. R. Doc. 14-6; R. Doc. 14-7. Based on these incontrovertible facts as well as the unambiguous language of Section 362(c)(4)(A)(i), this Court finds that the automatic stay under Section 362(a) did not go into effect upon the commencement of Mr. Washington's last bankruptcy filing on May 19, 2022, and thus was not in effect at the time the Appellees conducted

---

[1] The Court notes that generally it is confined to the allegations made in the complaint when deciding a 12(b)(6) motion. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981). However, similar to the Bankruptcy Court, this Court will take judicial notice of Mr. Washington's prior bankruptcy filings as matters of public record. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (noting that a court may "take judicial notice of the public records in . . . prior state court proceedings.").

the foreclosure sale with respect to the Property. *See In re Cook*, 614 B.R. 635, 640 (Bankr. N.D. Ga. 2020); *In re McKeal*, No. 14-62113, 2014 WL 6390712, at *2 (Bankr. N.D. Ohio Nov. 14, 2014); *In re Parker*, 336 B.R. 678, 680 (Bankr. S.D.N.Y. 2006). This finding is crucial because without a stay for the Appellees to violate, Mr. Washington has no claim under Section 362(k). *See In re Repine*, 536 F.3d 512, 519 (5th Cir. 2008) (describing the elements of a Section 362(k) claim which necessarily require the existence of a stay to be violated in order to properly state a claim).

To the extent Mr. Washington argues that the Appellees were required to receive a court order confirming the lack of a stay before the foreclosure sale, this Court disagrees. Mr. Washington has seemingly based this argument on Section 362(c)(4)(A)(ii), which provides that in the event a stay is not imposed under Section 362(c)(4)(A)(i): "*on request* of a party in interest, the court shall promptly enter an order confirming that no stay is in effect[.]" (emphasis added). The Court does not read this language to somehow revive the stay dispensed with under Section 362(c)(4)(A)(i) for frequent filers or even to require any further action from third parties who wish to proceed with matters concerning the bankruptcy estate. *See Rose v. Select Portfolio Servicing, Inc.*, 945 F.3d 226, 231 (5th Cir. 2019) (noting that for debtors falling under section 362(c)(4)(A)(i), the automatic stay is terminated in its entirety and without limitation). Rather, it appears that this is merely a mechanism whereby any party in interest who may be unsure whether a stay is truly in place or not may request a court order confirming as such. To hold otherwise would run afoul of the intent behind this exception to the general automatic bankruptcy stay rule, which was designed to prohibit serial filers from abusing the bankruptcy process. Michael W. Dunagan, *Chapter 13 and the Sub-Prime Car Creditor*, 63 CONSUMER FIN. L.Q. REP. 59, 62 (2009) (citing 11 U.S.C. § 362(c)(3)) ("In an apparent attempt to limit the damage that abusive filers can

cause, in enacting the BAPCPA[,] Congress imposed limitations on the application of the automatic stay in cases of certain repeat filing.").

Lastly, the Court is aware that the Bankruptcy Code allows a debtor to have an automatic stay to take effect in serial filer cases under Section 362(c)(4)(b) as long as they file a motion requesting such relief within 30 days of filing the later case and demonstrate that the later case was filed in good faith as to the creditors that were stayed. However, the record indicates Mr. Washington never filed a motion and proved that he was in good faith prior to the foreclosure sale at issue. While the Court concedes his ability to do so was substantially hampered by the fact that the foreclosure sale took place only three hours after he filed, Mr. Washington himself created the situation by filing so shortly before the sale. As such, the Court will not ignore the proper statutory process for having a stay implemented under these circumstances, especially where there is a clear pattern of similar late filings that appear to be improperly brought to frustrate a court-ordered foreclosure sale of the Property. 11 U.S.C. § 362(c)(4)(b); R. Doc. 15 at 6 (noting Mr. Washington consistently filed multiple bankruptcy proceedings merely a day or a few hours before the scheduled foreclosure sale of the Property over a period of seven years).

Accordingly, the Court agrees with the Bankruptcy Court's order dismissing Mr. Washington's case for failure to state a claim under Rule 12(b)(6). Put simply, Mr. Washington's May 19, 2022 bankruptcy case did not trigger an automatic stay, and the Appellees were within their rights to proceed with foreclosure of the Property.

## V. CONCLUSION

For the foregoing reasons;

**IT IS HEREBY ORDERED** that the Bankruptcy Court's December 2, 2024 order is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Appellant's Motion to Void Foreclosure Sale, R. Doc. 20, is **DISMISSED** as **MOOT**.

New Orleans, Louisiana, this 13th day of May, 2025.

_____
United States District Judge

Cc: Mr. Tony Washington
2811 Cherry St.
New Orleans, LA 70118